①
4-17-0
sc

FORM TO BE USED BY A PRISONER FILING A
42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE             DISTRICT OF PENNSYLVANIA

I. CAPTION

BRADFORD JOHNSON
(Enter the full name of the plaintiff or plaintiffs)

v.

SGT JOSE RODRIGUEZ, OFFICER ELLING,
OFFICER JACKSON, AND SGT STEWART,

(Enter the full name of the defendant or defendants)

1:CV00-0675

FILED
SCRANTON
APR 12 2000

II. PARTIES

a. Plaintiff

Full name: BRADFORD JOHNSON                            PER _____
                                                          DEPUTY CLERK

Prison identification number: DP-2967

Place of present confinement: S.C.I. ROCKVIEW, BOX A., BELLEFONTE, PA

Address: 16823

Place of confinement at time of incidents or conditions alleged in complaint, including address:

S.C.I. ROCKVIEW, begining October of 1999.

Additional plaintiffs: Provide the same information for any additional plaintiffs on the reverse of this page or on a separate sheet of paper.

b. Defendants: (list only those defendants named in the caption of the complaint, section I)

1. Full name including title: SGT JOSE RODRIGUEZ

   Place of employment and section or unit: S.C.I.R, Bld B/A

2. Full name including title: OFFICER ELLING, C/O

   Place of employment and section or unit: S.C.I.R. Bld B/A.

3. Full name including title: OFFICER JACKSON, S.C.I.R. bld B/A.

   Place of employment and section or unit: UNIT MANAGEMENT C/O

4. Full name including title: SGT STEWART

   Place of employment and section or unit: S.C.I. R, Bld B/A.

Additional defendants: Provide the same information for any additional defendants on the reverse of this page or on a separate sheet of paper.

Page 1

## III. PREVIOUS LAWSUITS

*Instructions:*

If you have filed other lawsuits in any federal or state court dealing with the same facts as this complaint or other facts related to your imprisonment, you must provide the information requested below. If you have **not** filed other lawsuits, proceed to Section IV, Administrative Remedies, on this page.

If you have filed other lawsuits, provide the following information.

Parties to your previous lawsuit:

Plaintiffs _____ NONE FILED _____

Defendants _____

Issues: _____
_____

Court: if federal, which district? _____

if state, which county? _____

Docket number: _____ Date filed: _____

Name of presiding judge: _____

Disposition: (check correct answer(s)); Date: _____

Dismissed ___ Reason? _____

Judgment ___ In whose favor? _____

Pending ___ Current status? _____

Other ___ Explain _____

Appeal filed? ___ Current status? _____

Additional lawsuits. Provide the same information concerning any other lawsuits you have filed concerning the same facts as this action or other facts related to your imprisonment. You may use the back of this page or a separate sheet of paper for this purpose.

## IV. ADMINISTRATIVE REMEDIES

*Instructions:*

Provide the information requested below if there is an administrative procedure to resolve the issues you raise in this complaint. Examples of administrative procedures include review of grievances, disciplinary action, and custody issues. If no administrative procedures apply to the issues in this complaint, proceed to Section V, Statement of Claim, on page 4.

a. Describe the administrative procedures available to resolve the issues raised in this complaint:

   Type of procedure. (grievance, disciplinary review, etc.)
   Grievance

   Authority for procedure. (DC-ADM, inmate handbook, etc.)
   DC-804

   Formal or informal procedure. Formal and informal

   Who conducts the initial review? LT KUSHWARA

   What additional review and appeals are available?
   TO SUPERINTENDENT THAN CAMPHILL

b. Describe the administrative procedures you followed to resolve the issues raised in this complaint before filing this complaint:

   On what date did you request initial review? 9/9/1999.

   What action did you ask prison authorities to take? MMTo enforce there non-smoking policy on B/A, including officers

   What response did you receive to your request?
   All agreed on the surface.

   What further review did you seek and on what dates did you file the requests?
   Filed an appeal to Superintendent and Camphill

   What responses did you receive to your requests for further review?
   Each was denied.

c. If you did not follow each step of the administrative procedures available to resolve the issues raised in this complaint explain why.
   See attached Appendix

## V. STATEMENT OF CLAIM

Instructions:

State here as briefly as possible the facts of your case. Use plain language and do not make legal arguments or cite cases or statutes. State how each defendant violated your constitutional rights. Although you may refer to any person, make claims only against the defendants listed in the Caption, Section I. Make only claims which are factually related. Each claim should be numbered and set forth in a separate paragraph with an explanation of how the defendants were involved. Use the reverse of this page or a separate sheet of paper if you need more space.

Statement of claim:

SEE ATTACHED SUPPLEMENTAL

## VI. RELIEF

Instruction: Briefly state exactly what you want the Court to do for you.

Relief sought:

SEE ATTACHED SUPPLEMENTAL

## VII. DECLARATION AND SIGNATURE

I (we) declare under penalty of perjury that the foregoing is true and correct.

_____          _____
       DATE                     SIGNATURE OF PLAINTIFF(S)

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF PENNSYLVANIA

BRADFORD JOHNSON,                : No.
        Plaintiff                : CIVIL-LAW
                                 : 42 U.S.C §1983
     v.                          :
                                 :
SGT JOSE RODRIGUEZ,    OFFICER   :
ELLING, OFFICER JACKSON, and     :
SGT STEWART,                     :
        ET. AL.,DEFENDANTS       :

### I. JURISDICTION

This civil action is authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. This Court has jurisdiction pursuant to 28 U.S.C. Section 1343. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202, Plaintiff further seeks Attorney Fees, Damages, and a Trial by jury to all relevant issue's.

### II. PLAINTIFF

Plaintiff is Bradford Johnson, a inmate incarcerated at S.C.I. Rockview. Plaintiff will eligible for Parole in September of 2000.

### DEFENDANTS

1. SGT JOSE RODRIGUEZ, is employed by the State Correctional Institute at Rockview. This defendant is legally responsible for the overall operation of Block B/A, in which he over sees all inmates an is the Superior to all unit management Officer's below him.

2. Officer Elling his an correctional officer at S.C.I. Rockview, and is responsible for the overall security and assignment's given upon him by the block Sgt.

3. Officer Jackson, is a correctional officer at S.C.I. Rockview, she is responsible for security and receives her assignments from the block Sgt.

4. SGT Stweart is employed at S.C.I. Rockview and is SGT on second shift in building B/a.

## STATEMENT OF FACTS

With a degree of specificity, the Plaintiff is a non-smoker and was assigned to Block B/A at S.C.I. Rockview, because he does not smoke, and his medial condition requires he be in a smoke free environment.

The Plaintiff has difficulty breathing and the smell of smoke actually makes the plaintiff vomit. The Plaintiff as stated, was assigned to building B/A as a designated block for non-smokers. After the first few hours, plaintiff noticed the staff smoking on the block, in their office and inmates smoking in their cells.

Plaintiff inquired with staff on the block and in return learned, since they smoke the policy regulation would not be enforced. Because of the health risk of second hand smoke, coupled with plaintiff's existing health problems, a grievance was filed along with several other complaints.

Thereafter, Sgt Rodriguez informed his colleagues of the complaint's. Officer Elling actually walked down the block smoking a cigar and blew the smoke directly in my face. This occurred on 10-24-99 at 9:45 am. Officer Jackson smoked on the block and at the desk on several occasions, and after it was learned of my complaint's she continues to harass myself my continuance remarks, block cards for no reason, singling myself out and allowing other inmates to be out of their cell or visiting another inmate. Sgt Rodriguez in a continuing manner send the search team to my assigned cell to harass myself and seek out ways to issue a misconduct. Sgt Rodriguez has shown my complaint's to other inmates in an attempt to place a label on my name, which if I was not known, could cause several problems.

After the grievance procedure and investigations, the smoking was to be halted. However, Sgt Rodriguez, Officer Elling and Jackson remain smoking at the desk and at times on the block, specifically close to the assigned cell plaintiff was issued.

Recently, Sgt Rodriguez had an Officer not assigned to this block as part of unit management, stop in the block, and he issued a misconduct in retaliation for Sgt Rodriguez. With a degree of specificity, Sgt Henry actually came to the assigned cell issued to plaintiff, sat inside and explained directly to plaintiff he was (sic) burned by Rodriguez and the procedure when there is a problem as here, is to have an Officer not assigned issue the misconduct and a Sgt not assigned approve same. See Appendix "a" attached hereto. Plaintiff's defense and hearing examiners findings are attached as Appendix "b".

Lt Kushwara investigated the grievance. See Appendix "c" attached hereto, being in five (5) parts.

The grievance was returned by Unit Manager Jack Allar, for lack of specificity. See Appendix "d" Clearly, to return to the unit management of B/a is a futile effort, and actually created several problems. As each person involved here acting in concert, succeeded in causing plaintiff further health problems, caused emotion stress in which the plaintiff now has to have counseling with the psychologist Miss Hrico, and has been issued a misconduct in retaliation.

Sgt Stweart, being the second shift commander responsible for the security of the block, and over seeing of her officer's smokes on the block, at the desk, and refuses to enforce the non-smoking rule, insofar as she is a smoker. The actual injury, in addition to the willful deliberate misconduct of those involved, is subjecting another to second hand smoke, which medically and scientifically speaking, is more severe than directly smoking.

Finally, as the Appendix demonstrate, S.C.I. recognized the problem, however, only corrected same on the surface. S.C.I. didnot wish this matter to find its way to the Superiors in central office, therefore, the last appeal to the Warden,

3

Superintendent Meyers, was denied in violation of DOC Policy. See Appendix "e" attached hereto.' The appeal therefore, to Camphill was erroneously denied for procedural reasons, when in fact, Appendix "e" demonstrates the Plaintiff did follow procedure by Appealing to S.C.I. Rockview administration first. Appendix "f" attached hereto is the denial as explained.

## LEGAL CLAIMS

A) Plaintiff has been deprived of his right his right to be free from cruel and unusual punishment, in violation of the Eighth Amendment of the United States. The actions of the defendant's are not part of the ethic code for correctional officer's, their actions violate the Constitution, in both their official and individual capacity. In addition, their actions amount to wanton inflictions, both physically and mentally.

B) Plaintiff seeks a declaratory judgement that the defendant's actions, policy/regulation described herein violate the plaintiff's rights under the United States Constitution.

C) Plaintiff seeks a preliminary injunction which:
i) Requires the defendant's to follow policy/regulation in which they donot smoke in the proscribed non-smoking block.

ii) Requires the defendant's to halt the retaliation of plaintiff for exercising his constitutional right in applying the grievance system to correct of violation of his Constitutional rights. This is violative of the Fourteenth Amendment Due Process Clause, and Eighth Amendment violation.

iii) Plaintiff seeks Compensatory damages in excess of of 10.000 dollars from each defendant.

IV.) Plaintiff seeks Punitive damages in excess of 10.000 dollars from each defendant.

4

V.) Plaintiff seeks a trial by jury on all triable issue's.

VI) Plaintiff seeks the cost of this suit.

VII) Plaintiff seeks other relief this court may deem just, proper and equitable.

Respectfully submitted,

*Bradford Johnson* DP-2967

5