

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BRADFORD JOHNSON,
      **Plaintiff**

    v.

SGT. JOSE RODRIGUEZ, OFFICER
ELLING, OFFICER JACKSON AND
SGT. STEWART,
      **Defendants**

:
:
:
:
:
:
:
:
:
:

FILED
HARRISBURG, PA

JUL 1 4 2000

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

00-675
J Lambo
M.J. Blewitt

## ANSWER OF DEFENDANTS RODRIGUEZ, ELLING JACKSON AND STEWART TO THE COMPLAINT

### FIRST DEFENSE

### JURISDICTION

This is a conclusion of law to which no response is required.

### PLAINTIFF

**ADMITTED** in part and **DENIED** in part.  It is **ADMITTED** that the plaintiff,

Bradford Johnson is currently incarcerated at the State Correctional Institution at Rockview

("SCI-Rockview").  It is **DENIED** that the plaintiff will be eligible for parole in September,

2000.  On September 11, 2000, plaintiff will have served the minimum time of his sentence.

And will then be eligible for consideration of parole on that date.  Whether he is paroled is

dependent upon a number of factors, including but not limited to, whether or not the plaintiff is

convicted of any crimes during his incarceration.

### DEFENDANTS

1.     **ADMITTED** in part and **DENIED** in part.  It is **ADMITTED** that Rodriguez is

employed by the Commonwealth of Pennsylvania Department of Corrections ("DOC") and is

currently assigned to SCI-Rockview.

2.    **ADMITTED** in part and **DENIED** in part.  It is **ADMITTED** that C.O. Elling ("Elling") is employed as a  corrections officer at SCI-Rockview, and that Elling is responsible for carrying out orders given to him by a superior officer.  It is **DENIED** that the defendant is responsible for the overall security.

3.    **ADMITTED**.

4.    **ADMITTED.**  It is **ADMITTED** that Sgt. Stewart ("Stewart") is employed at SCI-Rockview.  It is also **ADMITTED** that Stewart has been assigned to the second shift block sergeant position on Block B/A at SCI-Rockview.

**STATEMENT OF FACTS**[1]

5.    With a degree of specificity, the Plaintiff is a non-smoker and was assigned to Block B/A at SCI - Rockview, because he does not smoke, and his medial (sic) condition requires he be in a smoke free environment.

**RESPONSE: ADMITTED** in part and **DENIED** in part.  It is **ADMITTED** that plaintiff was assigned to Block B/A at SCI-Rockview.  It is **DENIED** that plaintiff is a non-smoker, and it is **DENIED** that he has a medical condition which requires him to be in a smoke-free environment.

6.    The plaintiff has difficulty breathing and the smell of smoke actually makes the plaintiff vomit.  The Plaintiff as stated, was assigned to building B/A as a designated block for non-smokers.  After the first few hours, plaintiff noticed the staff smoking on the block, in their

---

[1]Plaintiff has not set forth his claim in separate numbered paragraphs. Therefore, defendants have divided the Statement of Facts section into numbered paragraphs, included them herein and provided appropriate responses.

office and inmates smoking in their cells.

**RESPONSE: DENIED**. There is no indication in plaintiff's medical records that he has difficulty breathing. Defendants are without information or knowledge sufficient to form a belief as to the truth of whether or not plaintiff vomits at the smell of smoke, therefore this averment is **DENIED**. Defendants are without information or knowledge sufficient to form a belief as to the truth of what plaintiff noticed within a few hours of being assigned to Block B/A, therefore this averment is also **DENIED**.

       7.      Plaintiff inquired with staff on the block and in return learned, since they smoke the policy regulation would not be enforced. Because of the health risk of second hand smoke, coupled with plaintiff's existing health problems, a grievance was filed along with several other complaints.

**RESPONSE: ADMITTED** in part and **DENIED** in part. Defendants do not have knowledge or information sufficient as to form a belief as to the truth of whether or not plaintiff "inquired with staff on the block" or what the plaintiff learned, therefore this averment is **DENIED**. It is **ADMITTED** that on September 19, 1999, plaintiff filed a grievance alleging that the non-smoking policy was not being enforced. By way of further response, in the grievance that plaintiff submitted, he did not identify who was smoking nor did he make an accusation that the staff was smoking. Defendants are without knowledge or information sufficient as to form a belief as to the truth of why plaintiff filed this grievance, therefore this averment is **DENIED**. Defendants do not know what plaintiff means by "other complaints", therefore this averment is **DENIED**

       8.      Thereafter, Sgt. Rodriguez informed his colleagues of the complaint's(sic).

Officer Elling actually walked down the block smoking a cigar and blew the smoke directly in my face. This occurred on 10-24-99 at 9:45 am.

**RESPONSE: DENIED.**

9.      Officer Jackson smoked on the block and at the desk on several occasions, and after it was learned of my complaint's (sic) she continues to harass myself my continuance remarks, block cards for no reason, singling (sic) myself out and allowing other inmates to be out of their cell or visiting another inmate.

**RESPONSE: DENIED.** It is specifically **DENIED** that Jackson has smoked on the block or at the desk. It is also **DENIED** that Jackson or any other DOC employee has harassed Johnson. It is **DENIED** that Johnson has been "singled out" or that any entry made on the block cards is for no reason. Defendants do not know what plaintiff means by "continuance remarks" therefore this part of the statement is **DENIED.** It is **DENIED** that inmates are allowed out of their cells or to visit other inmates except for permitted block out periods.

10.      Sgt. Rodriguez in a continuing manner send the search team to my assigned cell to harass myself and seek out ways to issue a misconduct.

**RESPONSE: DENIED.** It is specifically **DENIED** that any DOC employee has harassed Johnson. By way of further response, block sergeants cannot send the search team to an inmate's cell. It is further **DENIED** that Rodriguez has searched out ways to issue misconducts on Johnson. By way of further response, the only misconduct Johnson has received was not issued by Rodriguez.

11.      Sgt. Rodriguez has shown my complaint's to other inmate in an attempt to place a label on my name, which if I was not known, could cause several problems.

**RESPONSE: DENIED.** It is specifically **DENIED** that Rodriguez has shown any document relevant to Johnson to another inmate. By way of further response, SCI-Rockview corrections officers are not given a copy of grievances filed against them.

12.     After the grievance procedure and investigations, the smoking was to be halted. However, Sgt. Rodriguez, Officer Elling and Jackson remain smoking at the desk and at times on the block, specifically close to the assigned cell plaintiff was issued.

**RESPONSE: DENIED.** It is specifically **DENIED** that there was any smoking on B/A to be halted, irrelevant of any grievance procedure or investigation. It is also **DENIED** that Rodriguez, Elling and Jackson smoked on the block or near the cell of the plaintiff.

13.     Recently, Sgt. Rodriguez had an Officer not assigned to this block as part of unit management, stop in the block, and he issued a misconduct in retaliation for Sgt. Rodriguez.

**RESPONSE: DENIED.** It is **DENIED** that Sgt. Rodriguez had an officer come onto the block to specifically issue a misconduct to plaintiff. By way of further response, it is a frequent circumstance that officers not assigned to the B/A "unit management" are assigned to work the block for various portions of a shift. It is also **DENIED** that the misconduct issued February 29, 2000 was issued in retaliation for anything.

14.     With a degree of specificity, Sgt. Henry actually came to the assigned cell issued to plaintiff, sat inside and explained directly to plaintiff he was (sic) burned by Rodriguez and the procedure when there is a problem as here, is to have an Officer not assigned issue the misconduct and a Sgt not assigned approve same. See Appendix "a" attached hereto. Plaintiff's defense and hearing examiners findings are attached as Appendix "b".

-5-

**RESPONSE: ADMITTED** in part and **DENIED** in part. **ADMITTED** that Sgt. Henry served a misconduct on Johnson in his cell on February 29, 2000. **DENIED** that there is an Appendix "a" or "b" attached to plaintiff's complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining statements, and therefore they are **DENIED**.

15.    Lt. Kushwara investigated the grievance. See Appendix "c" attached hereto, being in five (5) parts.

**RESPONSE: DENIED** that there is an Appendix "c" attached to plaintiff's complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of this statement, therefore it is **DENIED**. By way of further response, Defendants do not know what grievance plaintiff is referencing, as no specific details were given, therefore this paragraph is **DENIED**.

16.    The grievance was returned by Unit Manager Jack Allar, for lack of specificity. See Appendix "d" Clearly, to return to the unit management of B/a is a futile effort, and actually created several problems.

**RESPONSE:** Defendants are without knowledge or information sufficient to form a belief as to the truth of this statement, therefore it is **DENIED**.

17.    As each person here acting in concert, succeeded in causing plaintiff further health problems, caused emotion stress in which the plaintiff now has to have counseling with the psychologist Miss Hrico, and has been issued a misconduct in retaliation.

**RESPONSE: DENIED.** It is **DENIED** that anyone acted "in concert" to cause plaintiff further health problems, or to "cause emotion stress". It is further **DENIED** that plaintiff was

issued a misconduct in retaliation for anything.

18.    Sgt. Stewart, being the second shift commander responsible for the security of the block, at the desk, and refuses to enforce the non-smoking rule, insofar as she is a smoker.

**RESPONSE: DENIED**.

19.    The actual injury, in addition to the willful deliberate misconduct of those involved, is subjecting another to second hand smoke, which medically and scientifically speaking, is more severe that directly smoking.

**RESPONSE:**  This is a conclusion of law to which no response is required.  To the extent it is deemed factual, it is **DENIED**.

20.    Finally, as the Appendix demonstrate, SCI - recognized the problem, however, only corrected same on the surface.

**RESPONSE:**  There are no Appendices attached to plaintiff's complaint, which was served on defendants and, therefore defendants are without knowledge or information sufficient to form a belief as to the truth of this statement, therefore it is **DENIED**.  By way of further response, defendants do not understand what plaintiff means by "SCI - recognized the problem, however, only corrected same on the surface", therefore defendants are unable to respond to this allegation and it is specifically **DENIED**.

21.    SCI - did not (sic) wish this matter to find its way to the Superiors in central office, therefore the last appeal to the Warden, Superintendent Meyers, was denied in violation of DOC Policy.  See Appendix "e" attached hereto.

**RESPONSE: DENIED** that there is an  Appendix "e" attached to plaintiff's complaint, therefore defendants are without knowledge or information sufficient to form a belief as to the

truth of this statement, therefore it is **DENIED**.

22.     The appeal therefore, to Camp Hill was erroneously (sic) denied for procedural reasons, when in fact, Appendix "e" demonstrates the plaintiff did follow procedure by Appealing to SCI - Rockview administration first.  Appendix "f" attached hereto is the denial as explained.

**RESPONSE:  DENIED** that there is an Appendix "e" or "f" attached to plaintiff's complaint, therefore defendants are without knowledge or information sufficient to form a belief as to the truth of this statement, therefore it is **DENIED.**

## LEGAL CLAIMS

A.     This is a conclusion of law to which no response is required.  To the extent it is deemed factual, it is **DENIED**.

B.     This is a conclusion of law to which no response is required.  To the extent it is deemed factual, it is **DENIED**.

Ci.     This is a conclusion of law to which no response is required.  To the extent it is deemed factual, it is **DENIED**.

ii.     This is a conclusion of law to which no response is required.  To the extent it is deemed factual, it is **DENIED**.

iii.     This is a conclusion of law to which no response is required.  To the extent it is deemed factual, it is **DENIED**.

IV.     This is a conclusion of law to which no response is required.  To the extent it is deemed factual, it is **DENIED**.

V.     This is a conclusion of law to which no response is required.  To the extent it is

deemed factual, it is **DENIED**.

      VI.    This is a conclusion of law to which no response is required.  To the extent it is

deemed factual, it is **DENIED**.

      VII.    This is a conclusion of law to which no response is required.  To the extent it is

deemed factual, it is **DENIED**.

**FIRST AFFIRMATIVE DEFENSE**

Defendants are entitled to qualified immunity from suit.

**SECOND AFFIRMATIVE DEFENSE**

The complaint fails to state a claim upon which relief can be granted.


                    Respectfully submitted,

                    **D. MICHAEL FISHER**
                    **Attorney General**

BY:            

                    **R. DOUGLAS SHERMAN**
                    **Senior Deputy Attorney General**

                    **SUSAN J. FORNEY**
                    **Chief Deputy Attorney General**
                    **Litigation Section**

**Office of Attorney General**
**15ᵗʰ Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717)787-1179**

**Date:  July 14, 2000**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRADFORD JOHNSON,              :
      Plaintiff              :
                                  :
      v.              :
                                    :
SGT. JOSE RODRIGUEZ, OFFICER              :
ELLING, OFFICER JACKSON AND              :
SGT. STEWART,              :
      Defendants              :
                                  :

## CERTIFICATE OF SERVICE

I, **R. DOUGLAS SHERMAN**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **July 14, 2000**, I caused to be served a true and correct copy of the foregoing document entitled **Answer of Defendants Rodriguez, Elling, Jackson and Stewart to the Complaint** by depositing same in the United States Mail, first-class postage prepaid to the following:

Bradford Johnson, DP-2967
SCI-ROCKVIEW
Box A
Bellfonte, PA 16823-0820

**R. DOUGLAS SHERMAN**
**Senior Deputy Attorney General**

**DATE:   July 14, 2000**