

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRADFORD JOHNSON,
    Plaintiff

v.                                      NO. 1:00-CV-00675

SGT. JOSE RODRIGUEZ, OFFICER
ELLING, OFFICER JACKSON AND
SGT. STEWART,
    Defendants

Notice of Filing Exhibits
Inadvertantly Omitted From Complaint

NOW COMES, plaintiff, and files the attached exhibits w[hich] are discribed in, but which were inadvertantly omitted from h[is] complaint.

    Appendix "A", consisting of Misconduct Report, DC-141, dated 2/29/00.

    Appendix "B", consisting of Disciplinary Hearing Report Part II B, dated 3/3/00.

    Appendix "C", consisting of Inmates Request To Staff Me[mber] DC-135A, dated 9/24/99 to Mr. Whitman, and 9/24/99, 10/[  ], 10/10/99 and 10/24/99 to Lt. Kushwara.

    Appendix "D", consisting of Official Inmate Grievance I[nitial] Review response, DC-804, Part II, dated 10/4/99.



Appendix "E", consisting of Official Appeal Response from Superintendent Meyers.

Appendix "F", consisting of Final Review- Grievance #0588-99 with attached appeal to Central Office at Camp Hill.

Bradford Johnson, DP-2967
Box A - SCI @ Rockview
Bellefonte, PA 16823-0820



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRADFORD JOHNSON,
    Plaintiff

NO. 1: 00-CV-00675

v.

SGT. JOSE RODRIGUEZ, OFFICER
ELLING, OFFICER JACKSON AND
SGT. STEWART,
    Defendants

### CERTIFICATE OF SERVICE

I, Bradford Johnson, Plaintiff Pro Se, hereby certify that on August 22cnd 2000, I caused to be served a true and correct copy of this document by service of First Clas Mail, to the following person(s):

R. Douglas Sherman, Esq.
OFFICE OF THE ATTORNEY GENERAL
Strawberry Square
Harrisburg, PA 17120

Bradford Johnson, DP2967
Box A - SCI @ Rockview
Bellefonte, PA 16823-0820

8-22-2000
DATE

(3)

| FORM DC-141 Rev. 6-84 | PART I | COMMONWEALTH OF PENNSYLVANIA | | | 216409 | |
|---|---|---|---|---|---|---|
| ☒ MISCONDUCT REPORT ☐ OTHER | | DEPARTMENT OF CORRECTIONS | | | | |
| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report | |
| DP2967 | BRADFORD JOHNSON | SCIR | 1100 | 2-29-2000 | 2-29-2000 | |
| Quarters | Place of Incident | | | | | |
| BA | BA BLOCK BACK RANGE TOP TIER | | | | | |

UNASS

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | COI. ORR | ✓ | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**
CLASS I CATEGORY B #7 REFUSING TO OBEY AN ORDER, CLASS I CATEGORY D #27 PRESENCE IN AN UNAUTHORIZED AREA

**STAFF MEMBER'S VERSION**
AT APPROX 1015 INMATE DP2967 WAS ON THE TOP TIER A FEW DOORS UP FROM HIS CELL PREACHING AND TALKING LOUDLY TO ANOTHER INMATE ACCROSS THE TIER. MYSELF AND COI ORR WALKED DOWN TO THEM AND I TOLD THEM TO TAKE IT IN TO THEIR CELL. BOTH INMATES DID. ABOUT 1 MINUTE LATER DP2967 CAME OUT OF HIS CELL AND WAS HEADED TO THE OFFICE. I ASKED WHERE HE WAS GOING AND HE SAID "TO GET A REQUEST SLIP," "IS THAT ALLRIGHT WITH YOU?" I STATED "NO, TAKE IT IN YOUR CELL." AT APPROX 1050 I OBSERVED INMATE JOHNSON COME OUT OF HIS CELL AND HEADED TOWARDS THE OFFICE. I FOLLOWED HIM UP TO THE OFFICE AND ASKED "WHAT ARE YOU DOING OUT OF YOUR CELL." HE SAID PICKING UP GRIEVANCE FORMS, I THEN TOLD HIM TO TAKE IT INTO HIS CELL AGAIN. UPON LOOKING AT HIS BLOCK CARD, DP2967 WAS CARDED 8-11-99, 1-21-200, 1-22-2000 AND TODAY.

**IMMEDIATE ACTION TAKEN AND REASON**
APPENDIX (A)

**PRE-HEARING CONFINEMENT** None

| | IF YES | | | | |
|---|---|---|---|---|---|
| | TIME | DATE | | | |
| ☐ YES ☒ NO | | | ☒ REQUEST FOR WITNESSES AND REPRESENTATION | FORMS GIVEN TO INMATE | ☒ INMATE'S VERSION |

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY   SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| | | DATE | TIME 24 HOUR BASE |
| COI [signature] | [signature] COIV | 2-29-00 | 1330 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | Misconduct Category | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | ☒ CLASS 1   ☐ CLASS 2 | Sgt [signature] McCahan |
| 3-1-00 | 1335 | | |

**NOTICE TO INMATE**
You are scheduled for a hearing on this allegation on the date and time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class I misconduct, any pre-release status you have will be revoked.

| DC-141 Rev. 6-84 | PART II B | COMMONWEALTH OF PENNSYLVANIA |
|---|---|---|
| DISCIPLINARY HEARING REPORT | | DEPARTMENT OF CORRECTIONS |

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from Part I |
|---|---|---|---|---|---|
| DP2967 | Bradford Johnson | SCIR | 3/03/00 | 0825 | A216409 |

| INMATE PLEA | ☐ Guilty  ☑ Not Guilty  ☐ No Plea  ☐ Other | Verdict | ☑ Guilty  ☐ Not Guilty |
|---|---|---|---|

**HEARING ACTION**

CHARGES: Class I-B, #7 Refusing to obey an order
Class I-D, #27 Presence in an unauthorized area

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

PLEADS - NOT GUILTY, ??

I was in my cell for 35 mints. Denys that he was on the tier particle. Was in fact stopped there to CO Orr by inmate. I found there's orders. Left library at 1013 went on block at 1013 (submits pass)

Tancemore - Johnson & I both on tier talking to CO Orr. I was attempting to get a pass from CO Orr. CO Joserick came by & gave us permission to go in. We did.

Thus Examiner finds CO Joserick's credible report over the denial of DP2967 Johnson & his witness that Johnson was loitering on the tier particle across the tier. The CO records the time as 1015 hours. Johnson avers it was not on the unit at 1015 as he had left the library at

| ☑ YES ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | |
|---|---|---|
| ☑ YES ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | SEE APPENDICES ☑ |
| ☑ YES ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | |
| ☑ YES ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. APPENDIX (B) - 3 - PARTS PT II A | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| C. Mitchell | *C. Mo.* SIGNATURE OF HEARING EXAMINER/COORDINATOR |

| DC-141 Rev. 6-84 **PART II B** DISCIPLINARY HEARING REPORT | COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS | | |
|---|---|---|---|
| DC Number: OP2967 | Name: Bradford Johnson | Institution: SCTR | Hearing Date: 03-03-00 |
| INMATE PLEA: ☐ Guilty ☑ Not Guilty ☐ No Plea ☐ Other | | Verdict | Hearing Time: 0825 |
| CHARGES: 7, 27 | HEARING ACTION | | ☐ Guilty ☐ Not Guilty |

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

1013. HEY NOTES TOMES ARE "APPROXIMATE". E TOME PRIOR TO OFFENSE & TOMES CAN VARY EASY F STATER'S TO ANOTHER'S. JOHNSON ADMITS THE CO GAVE ORDER SO JOHNSON WAS ON THE UNIT. HEY DOES BELIEVE THAT CO JOSEFICK WOULD ORDER A INMA HAS CELL, WHEN THAT INMATE WAS CONVERSING WITH S MORE LAY THAN NOT JOHNSON WAS LITTERN. FURTHER JO CLAIMS 1 MINUTE AFTER THE CO ORDER HIM TO HIS CELL THAT YARD WAS COMING IN & HE CAME OUT TO GET A R "SLOP". HEY NOTES JOHNSON HAD MORE THAN AMPLE O TO STOP AT GET REQUEST SLOPS UPON RETURN FROM T LIBRARY. CLAIM JOHNSON DID NOT LIKE BEING ORDER TO H

(CONT'D)

☑ YES ☐ NO — The inmate has heard the decision and has been told the reason for it and what will happen.
☑ YES ☐ NO — The circumstances of the charge have been read and fully explained to the inmate.
☑ YES ☐ NO — The opportunity to have the inmate's version reported as part of the record was given.
☑ YES ☐ NO — The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review.

APPENDIX (B) — DARTS

SEE APPENDICES ☐

NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED): Charles Ma...

**DC-141** PART II B    COMMONWEALTH OF PENNSYLVANIA
Rev. 6-84
DISCIPLINARY HEARING REPORT    DEPARTMENT OF CORRECTIONS

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from Part I |
|---|---|---|---|---|---|
| DP2967 | Johnson Bradford | SCTR | 03-03-00 | 0825 | A216409 |

INMATE PLEA: ☐ Guilty  ☑ Not Guilty  ☐ No Plea  ☐ Other

Verdict: ☑ Guilty  ☐ Not Guilty

### HEARING ACTION

CHARGES: 7, 27 (cont'd)      PC3

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

I came back out in violation of the order, only to be ordered a second time to his cell. Johnson may not exit his cell any time he chooses to get papers at his whim. Further, Johnson is responsible for securing his door upon entry into the cell.

Guilty 7, 27
30 days cell
Restriction
R/F/P 3-03-00
Guidelines Read

**CELL RESTRICTION:** Total confinement to general population cell, dorm area or cubicle except for meals, showers, one (1) formal religious service per week, commissary, law library (under separate instructions) and one (1) hour exercise as per unit schedule. Medication and doctor lines, meals showers and commissary shall be by block schedules. Participation in programs, school and work are suspended. Telephone privileges area restricted. Hearing Examiner refers cell restriction inmate to his housing officer for any necessary clarification.

| | | | |
|---|---|---|---|
| ☑ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | |
| ☑ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | SEE APPENDICES ☐ |
| ☑ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | |
| ☑ YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED)

Charles McKeown

Hearing Report and all appended information must be signed. Signature indicates finished report with appendices 3-pages

**DC-135A**

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.

1. TO: (NAME AND TITLE OF OFFICER) Mr. Whitman - Dept. Supt. Rockview
2. DATE: 9-24-99
3. BY: (INSTITUTIONAL NAME AND NUMBER) Bradford Johnson DP-2967
4. COUNSELOR'S NAME: B. Palm
5. WORK ASSIGNMENT: None
6. QUARTERS ASSIGNMENT: BA

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Mr. Whitman, a few months ago I talked to you about the fact that this block, BA, has been designated as a non-smoking block. Since our original conversation the situation on this block has escalated, not just inmates but officers too. There are signs posted that say this is a non-smoking block yet it's not enforced. I have filed a grievance on this matter and I informed Sti Kushwara about my health. I have a collapsed bracel plexis which surrounds my lung. I'm not a teen ager who easy recuperates from health problems. It seems to me all these unnecessary things which are not posted are enforced.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Mr. Johnson: I believe this matter will improve & be fully addressed when U.M Kenletter takes over the U.M. Job in B/Block. & especially in B/A. I will inform him of this in the near time. I hope he is reassigned by Oct 4, 1999. There should be no smoking in B/A & I will Also contact other staff on this matter.

[signature] 9/25/99

☐ TO DC-14 CAR ONLY   ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER                                          DATE

| DC-135A | COMMONWEALTH OF PENNSYLVANIA |
|---|---|
| | DEPARTMENT OF CORRECTIONS |
| INMATE'S REQUEST TO STAFF MEMBER | INSTRUCTIONS |
| | Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. |

1. TO: (NAME AND TITLE OF OFFICER) Kushwara - Lt.
2. DATE: 9-27-99
3. BY: (INSTITUTIONAL NAME AND NUMBER) Bradford Johnson DP-2967
4. COUNSELOR'S NAME: D. Palmer
5. WORK ASSIGNMENT: None
6. QUARTERS ASSIGNMENT: BA

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Lt. Kushwara, I have already written a grievance on this matter, grievance #ROC 0588-99, and it seems quite obvious to me that there is going to be nothing done about the issue in question, due to the fact that the officers smoke on a non-smoking block. I'm not the one who designated this block as non-smoking, the administration has, and my health is all I have in here along with my word, and Mr. Kushwara I promise you this, I am sending a copy of the grievance to my lawyer and I'm sending a request to Mr. Whitman, then to the Warden, since your officers cannot inforce your own rules, let's see what a lawyer can do!

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Mr. Ford,

I am sending a copy of this to Acting Unit Manager Mr. ___. Talk with him. I'm sure he will take care of this.

APPENDIX (C) 5-PARTS

☐ TO DC-14 CAR ONLY            ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER: [signature]                DATE: 9-17-99

**DC-135A**

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

DEPARTMENT OF CORRECTIONS

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

1. TO: (NAME AND TITLE OF OFFICER) Sgt. Vincent W. Kushwara - Acting Corr. Supt Asst
2. DATE: 10-5-99
3. BY: (INSTITUTIONAL NAME AND NUMBER) Bradford Johnson DQ-2967
4. COUNSELOR'S NAME: Dpalme
5. WORK ASSIGNMENT: None
6. QUARTERS ASSIGNMENT: BA/BOS
7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Sgt Kushwara, you are telling me that nothing can and is going to be done because of your lack of knowledge as to what goes on, on BA/BOS, because if in fact you or (Mr. Allen) knew what is going on on BA/BOS you would correct (your) officers who in fact are part of the problem, they too smoke on the block, behind the desk and are not enforcing the law pertaining to the prohibitation of the smoking as I have informed CM. Robert Myers the Superintendent of this institution, your attempt at ocaly [scaly?] explaining the lack luster performance of your officers just isn't sufficient. This matter is not resolved.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Bradford,

Talk with Mr. Allen and give him specifics on time, date, staff etc.

☐ TO DC-14 CAR ONLY    ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER: [signature]    DATE: 10-6-99

DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

1. TO: (NAME AND TITLE OF OFFICER) Lt. Bushwara
2. DATE: 10-10-99
3. BY: (INSTITUTIONAL NAME AND NUMBER) Bradford Johnson DP-2967
4. COUNSELOR'S NAME: Balmer
5. WORK ASSIGNMENT: none
6. QUARTERS ASSIGNMENT: B1

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Lt, you keep telling me about these officers on B-block south correcting the smoking problem, how in fact can a part of the problem correct the problem, case in point, the block sgts smoke at their desk what makes them any different, no smoking means no smoking that includes Sgt Henry, Sgt Rodriguez, and Sgt Stewart, Sgt Henry thinks this really doesn't apply to him, what is it that you Lt Bushwara don't understand when I inform you that the problem of smoking on a non-smoking block has gotten completely out of control

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Bradford,

This should NOT Happen. Mr. Kienstetter, I'm sure, will get it stopped. I am sending him a copy of this. Please talk with him.

☐ TO DC-14 CAR ONLY          ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER: [signature]   DATE: 10-12-99

DC-804
PART II

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001

**OFFICIAL INMATE GRIEVANCE**
**INITIAL REVIEW RESPONSE**

GRIEVANCE NO. #ROC0588-99

| TO: (Name & DC NO.) | INSTITUTION | QUARTERS | GRIEVANCE DATE |
|---|---|---|---|
| Bradford Johnson, DP-2967 | SCIR | Bldg B/A | 09/19/99 Received 09/22/99 |

The following is a summary of my findings regarding your grievance:

This complaint has been reviewed with Mr. Allar, Unit Manager, who read your grievance carefully and noted while you make a broad, sweeping accusation that smoking is being permitted on Building B/A (a non-smoking block) you provide no specific data regarding dates, times, staff on duty or who is allowing this. Consequently, he is returning this grievance as being impossible to investigate without further specific data.

Secondly, Mr. Allar encourages you to bring the alleged smoking to the attention of the Unit Staff on duty so they can properly deal with it, if in fact, inmates are smoking in the non-smoking unit. Writing to Deputy Whitman is inappropriate and non effective since he does not work on the block, communicating with the Building B/A Unit Officers on duty is the best way to handle this.

VWK:tlk

c:  Deputy Wakefield
    Deputy Whitman
    Mr. Allar
    Case Record
    Mr. Kushwara

APPENDIX (D)

Vincent W. Kushwara
Acting Corr. Superintendent Asst.

Refer to DC-ADM 804, Section VIII, for instructions on grievance system appeal procedures.

SIGNATURE OF GRIEVANCE COORDINATOR

DATE: 10-4-99

SCI-ROCKVIEW

INMATE GRIEVANCE

Administrative Action

Date 10-12-99

TO: BRADFORD JOHNSON
DP-2967    B/A

RE: Grievance No.: ROC 0588-99

Dated 9-19-99

The Institutional Grievance Coordinator has responded to your grievance, cited above, under the date of 10-4-99. The stipulated period for filing objections or appeals having expired, and none such having been received, this is to notify you that the findings, reply, and recommendations of the Grievance Coordinator are upheld.

BW Meyers
Superintendent
SCI-Rockview

cc: Grievance Coordinator

APPENDIX (e)

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
1451 N. MARKET STREET
ELIZABETHTOWN, PA 17022

**OFFICE OF THE
CHIEF HEARING EXAMINER**

October 21, 1999

Bradford Johnson, DP-2967
SCI Rockview

Re: DC-ADM 801 - Final Review
Grievance No. ROC-0588-99

Dear Mr. Johnson:

    Your appeal of the above-referenced grievance has been received by this office for review. However, our inquiry into this matter reveals that you have not yet appealed to the Superintendent of your institution as required by DC-ADM 804, VI D, 2. Until this appeal is completed, final review cannot be granted. Upon receiving the response from your appeal to the Superintendent, you may once again submit a timely written appeal for final review.

    This response does not grant you a right to an appeal if it would otherwise be untimely to pursue that appeal. However, in evaluating the timeliness of any appeal you submit, the time consumed by erroneously directing your appeal to this office may be disregarded at the discretion of the recipient of your next appeal.

Sincerely,

Robert S. Bitner
Chief Hearing Examiner

RSB:ph
pc: Superintendent Meyers

APPENDIX (F) (f1)
with attached
Appeal to Camphill.

IN THE DEPARTMENT OF CORRECTIONS
CAMPHILL

RE: INMATE BRADFORD JOHNSON
NUMBER DP-2967
INSTITUTION S.C.I. ROCKVIEW
GRIEVANCE NUMBER ROC0588-99

ADMINISTRATIVE APPEAL/GRIEVANCE

TO CHIEF COUNSEL:

STATEMENT OF FACT

1. Inmate Johnson filed a Grievance in the above number, asserting being subject to second hand smoke on the non-smoking block here at S.C.I. Rockview, assigned as Building (B/A).

2. With a degree of specificity, it was complained that unit management (Officer's assigned to block) permitted their picks to smoke in their cell and they would not enforce the non-smoking rule. Secondly, Both First Shift Sgt Rodriguez, and Second Shift SGT Steward smoke at the control station, being alerted when a white shirt is entering the block.

3. It was stated that names should be provided, however, there is code in prison that no inmate shall snitch sort of speak on another. Therefore, names of those inmates who do smoke cannot be provided.

4. Moreover, the inmates are controlled by staff, that should have been crux of concern. If an Officer does not enforce the rule and SGT's are actually smoking, no inmate or unit staff will pay attention to the non-smoking rule.

5. The answer provided by the Grievance coordinator and the Superintendent were the Unit manager will correct the problem. To date, the smoking continues by staff and inmates. The vents are not turned on at any time to clear the air,

(f2)

rather its dry heat with no follow up with fresh air as required by law.

## ACTUAL HEALTH RISK

The Surgeon General has determined that second hand smoke is the most deadly smoke to a non-smoker.

At this institution, Block (B/A) has been classified as a non-smoking block. With therefore, prohibits the use of any tobacco product from being used. There are posted signs, no smoking, and clearly the reason I have requested to remain on this block, is because it was designated non-smoking.

Since no rule is enforced, it is now a health risk to myself and the others who do not smoke. As for SGT's smoking, that is akin to leaving the fox in charge of the hens coop, knowing they would sympathize with those who do smoke.

At this juncture, I have difficulty breathing the smoke filed air and the smell from the smoke is quite foul.

Ironically, all answers to my complaint's admit there is a problem, and state it will be corrected. However, not to appear as repetitive, the problem has been left unresolved. Not to speculate, however, if the Unit Manager inquires with staff as to whether they smoke, and they reply in the negative, does this resolve the issue. Reasonably it would not.

The hazardous conditions to health here a serious problem in which the policy regulation is not enforced, has created health problems to myself, cause my clothing to be saturated with nicotine and whites to turn a yellowish color.

In light of this situation the Department of Correction has not corrected the problem, as if there exist no policy regulation to enforce.

Clearly, may be the policing of the policy needs to be enforced by those not assigned as unit management to B/A and resolved by those in command who will not allow smoke screens an as a cure.

2

(f3)

WHEREFORE, it is respectfully suggested that an internal investigation be completed by a independent committee.

Respectfully submitted,

*Bradford Johnson /OP-2967*

3

(f 4)



| DC-135A | COMMONWEALTH OF PENNSYLVANIA |
| --- | --- |
| **INMATE'S REQUEST TO STAFF MEMBER** | **DEPARTMENT OF CORRECTIONS** |
| | INSTRUCTIONS |
| | Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. |

1. TO: (NAME AND TITLE OF OFFICER) Lt. Kushwara
2. DATE: 10-24-99
3. BY: (INSTITUTIONAL NAME AND NUMBER) Bradford Johnson DP-2967
4. COUNSELOR'S NAME: Palme
5. WORK ASSIGNMENT: None
6. QUARTERS ASSIGNMENT: BA

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Lt. Kushwara, this blocks officers have taken a serious matter and have turned it into a joke. Even as far as the Deputy Supert. walking through the block acknowledging the fact that the smoking has to stop. Since the administration can not control it's officers, I am advising you, I cannot continue to breathe this polluted air, there are federal and state laws to support my claims, not to mention health codes and scientific facts. Camp Hill has upheld my claims, sadly, it's time to consult the lawyers. Thank you Lt. for your help in my struggle.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Bradford,
  I TOLD YOU THIS WOULD BE TAKEN CARE OF. SORRY!! I AM NOT WELL PLEASED THE PROBLEM STILL EXISTS. I AM SENDING A COPY OF THIS TO UNIT MANAGER KENSTETTER. BOTH DEPUTIES, BOTH MAJORS AND THE SUPERINTENDENT.
  PLEASE LET ME KNOW IF THIS GETS TAKEN CARE OF.

☐ TO DC-14 CAR ONLY    ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER: Lt. Kushwara    DATE: