IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRADFORD JOHNSON, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 1:CV-00-0675 |
| | : | |
| SGT. JOSE RODRIGUEZ, OFFICER | : | (Judge Rambo) |
| ELLING, OFFICER JACKSON AND | : | |
| SGT. STEWART, | : | (Magistrate Judge Blewitt) |
| Defendants | : | |

### DEFENDANTS' STATEMENT OF MATERIAL FACTS
### AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

Defendants Rodriguez, Elling, Jackson and Stewart, through their counsel and pursuant to Local Rule 56.1, hereby submit that the following facts are material to this action and are not genuinely in dispute.

1. Bradford Johnson was an inmate at the State Correctional Institution at Rockview from August 20, 1998 until his parole on September 20, 2000. Kerstetter Declaration at ¶5.

2. Prior to his arrival at SCI-Rockview, Johnson had been screened for medical clearances and it had been noted that he was restricted to a bottom bunk only. Lidgett Declaration at ¶5.

3. No documentation accompanied Johnson to Rockview indicating that he could not be exposed to tobacco smoke. Lidgett Declaration at ¶6.

4. The inmate medical records of Johnson do not indicate that he ever complained to medical staff about the effects of environmental smoke or that he had been diagnosed with any illness resulting form exposure to environmental tobacco smoke. Lidgett Declaration at ¶7.

5. From his reception at Rockview until his parole, Johnson was housed in B-Block,

which is divided into three wings, BA, BB and BC. During the 1999 time period, smoking was permitted in BB and BC. BA was designated a non-smoking area in October 1998. Kerstetter Declaration at ¶6

6. Although BA was a designated non-smoking area, some inmates housed there did smoke when outside the block. Kerstetter Declaration at ¶7.

7. On occasion, staff who worked in Ba and who happened to smoke would step just outside BA block where appropriate receptacles were located or would step into an area in the adjoining BB block which was not normally accessible by inmates to have a cigarette. Kerstetter Declaration at ¶8.

8. The Unit Managers of BA during the 1999-2000 time period were not aware of any medical restriction placed on inmate Bradford Johnson with respect to exposure to environmental tobacco smoke and were never informed that there was such a medical restriction on him. Kerstetter Declaration at ¶7; Allar Declaration at 8.

9. Each cell in BA had a window which opened to the outside which the inmate could open for fresh air and ventilation. Additionally, weather permitting, the outside doors to BA are typically opened for fresh air and air circulators operate to maintain a continuous change of fresh air in the block. Kerstetter Declaration at ¶10.

10. In September 1999, inmate Bradford Johnson filed an inmate grievance complaining of the alleged non-enforcement of the non-smoking rule of BA block. Allar Declaration at 4.

11. The grievance did not identify any specific information such as the dates, times or staff on duty at the times of the alleged smoking. Johnson's lack of specificity made it nearly impossible to investigate the allegation. Consequently, the grievance was returned to Johnson

and he was encouraged to bring timely bring the matter to the attention of unit staff so that the issues could be addressed in the future. Allar Declaration at ¶5.

12. Georgia Stewart is a Sergeant at SCI-Rockview who worked as a second-shift block Sergeant. Stewart Declaration at ¶¶1-3.

13. While working in BA block, Stewart has, on occasion, stepped just outside BA block and smoked a cigarette. She has not smoked within the BA block since it became a non-smoking block however. Stewart Declaration at ¶5.

14. Stewart is not aware of any restriction placed on Bradford Johnson while he was housed on BA with respect to exposure to any smoke. She also is not aware of Johnson ever telling her that he had such a restriction. Stewart Declaration at ¶8.

15. Stewart is not aware of any medical problem of Johnson caused by exposure to second-hand smoke. Stewart Declaration at ¶9.

16. Stewart has never knowingly permitted staff or inmates in BA to smoke and openly violate the non-smoking rules of the block. Stewart Declaration at ¶10.

17. Jose Rodriguez is a Sergeant at SCI-Rockview who worked as a block Sergeant in B-block. Rodriguez Declaration at ¶¶1-3.

18. While working in BA block, Rodriguez has, on occasion, stepped just outside BA block and smoked a cigarette. He has not smoked within the BA block since it became a non-smoking block however. Rodriguez Declaration at ¶5.

19. Rodriguez is not aware of any restriction placed on Bradford Johnson while he was housed on BA with respect to exposure to any smoke. He also is not aware of Johnson ever telling him that he had such a restriction. Rodriguez Declaration at ¶8.

20. Rodriguez is not aware of any medical problem of Johnson caused by exposure to

second-hand smoke. Rodriguez Declaration at ¶9.

21. Rodriguez has never knowingly permitted staff or inmates in BA to smoke and openly violate the non-smoking rules of the block. Rodriguez Declaration at ¶10.

22. Rodriguez has never taken any action against Johnson because of his complaints about smoking and has never ordered to issue Johnson a misconduct on account of Johnson's complaints. Rodriguez Declaration at ¶11.

23. Roger Elling is a Corrections Officer I at SCI-Rockview who has been assigned to BA block. Elling Declaration at ¶¶1-3.

24. Elling quit smoking in November 1998. Elling Declaration at ¶5.

25. Elling is not aware of any restriction placed on Bradford Johnson while he was housed on BA with respect to exposure to any smoke. He also is not aware of Johnson ever telling him that he had such a restriction. Elling Declaration at ¶8.

26. Elling is not aware of any type of medical problem of inmate Bradford Johnson caused by exposure to second-hand smoke. Elling Declaration at ¶9.

27. Elling never took any action against Johnson for complaining about smoking and did not smoke a cigar in the area of Johnson. Elling Declaration at ¶10.

28. Jody Jackson is a Corrections Officer I at SCI-Rockview who has been assigned to BA block. Jackson Declaration at ¶1-3.

29. While working on BA, Jackson has occasionally smoked either just outside BA block or in the adjacent BB block where smoking was permitted. Jackson quit smoking as of July 4, 2000. Jackson Declaration at ¶5.

30. Jackson is not aware of any restriction placed on Bradford Johnson while he was housed on BA with respect to exposure to any smoke. She also is not aware of Johnson ever

telling him that he had such a restriction. Jackson Declaration at ¶8.

31. Jackson is not aware of any type of medical problem of inmate Bradford Johnson caused by exposure to second-hand smoke. Jackson Declaration at ¶9.

32. Jackson never took any action against Johnson for complaining about smoking and did not retaliate against him in any way. Jackson Declaration at ¶10.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

BY: _____
R. DOUGLAS SHERMAN
Senior Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General

Office of Attorney General
15th Fl., Strawberry Square
Harrisburg, PA 17120
(717) 787-1179

**DATED:** January 22, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRADFORD JOHNSON, : | |
|     Plaintiff : | |
| : | |
| v. : | No. 1:CV-00-0675 |
| : | |
| SGT. JOSE RODRIGUEZ, OFFICER : | (Judge Rambo) |
| ELLING, OFFICER JACKSON AND : | |
| SGT. STEWART, : | (Magistrate Judge Blewitt) |
|     Defendants : | |

### CERTIFICATE OF SERVICE

I, R. DOUGLAS SHERMAN, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on January 22, 2001, I caused to be served a true and correct coy of the foregoing document entitled **DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED** by depositing same in the United States Mail, first-class postage prepaid to the following:

Bradford Johnson
Liberty Management
1007 W. Lehigh Street
Philadelphia, PA 19133

                                                      **R. DOUGLAS SHERMAN**
                                                      **Senior Deputy Attorney General**

**DATE: January 22, 2001**