# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
HARRISBURG, PA

FEB 6  2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

| | | |
|---|---|---|
| **BRADFORD JOHNSON,** | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 1:CV-00-0675 |
| | : | |
| **SGT. JOSE RODRIGUEZ, OFFICER** | : | (Judge Rambo) |
| **ELLING, OFFICER JACKSON AND** | : | |
| **SGT. STEWART,** | : | (Magistrate Judge Blewitt) |
| Defendants | : | |

## DOCUMENTS IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DECLARATION OF ROBIN L. KERSTETTER . . . . . . . . . . . . . . . . . . . . . EXHIBIT A

DECLARATION OF JACK ALLAR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT B

DECLARATION OF LARRY L. LIDGETT . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT C

DECLARATION OF JOSE RODRIGUEZ . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT D

DECLARATION OF GEORGIA STEWART . . . . . . . . . . . . . . . . . . . . . . EXHIBIT E

DECLARATION OF ROGER D. ELLING . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT F

DECLARATION OF JODY JACKSON . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT G

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

BY: **R. DOUGLAS SHERMAN**
Senior Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General

office of Attorney General
15th Fl., Strawberry Square
Harrisburg, PA 17120
(717) 787-1179
**DATED:** February 6, 2001

# EXHIBIT - 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRADFORD JOHNSON,     :
    **Plaintiff**    :
          :
  **v.**       : No. 1:CV-00-0675
          :
SGT. JOSE RODRIGUEZ, OFFICER : (Judge Rambo)
ELLING, OFFICER JACKSON AND :
SGT. STEWART,     : (Magistrate Judge Blewitt)
    **Defendants**   :

### DECLARATION OF ROBIN L. KERSTETTER

  I, ROBIN L. KERSTETTER, hereby declare pursuant to the penalty of perjury pursuant to 28 U.S.C.A. §1746 that the following is true and correct:

  1.  I am employed by the Pennsylvania Department of Corrections as a Unit Manager at the State Correctional Institution at Rockview.

  2.  I have been the unit manager in B-block at Rockview since October 1999. Prior to becoming the unit manager of B-block, I was the unit manager of A-block for about three years.

  3.  As the unit manager, I oversee all daily operations and functions of the cell block. I am familiar with the staff working on the block as well as the inmates housed there. I am also familiar with the various issues inmates have and which arise within the block.

  4.  I am familiar with an inmate by the name of Bradford Johnson, No. DP-2967.

  5.  Bradford Johnson was an inmate at the State Correctional Institution at Rockview from August 20, 1998 until his parole on September 20, 2000.

  6.  From his reception at Rockview until his parole, Johnson was housed in B-Block, which is divided into three sections, BA, BB and BC. During the 1999 time period and until

EXHIBIT
A

October 2000, smoking was permitted in BB and BC.  BA was a general population housing area which was designated a non-smoking area in October 1998.

7.    Although BA was a non-smoking block, some inmates housed there did smoke when outside the block.

8.    I am not aware of any staff smoking while in the formal BA cell block after the change was made to non-smoking and after I became unit manager of B-block.  On occasion, staff who happened to smoke would step just outside BA block where appropriate receptacles were located, or would step into an area in the adjoining section of BB which was not normally accessible by inmates without staff authorization.

9.    If an inmate has some sort of medical restriction placed on him which may be affected in his living quarters, a notation is made in the inmate's medical records.  As the unit manager, if inmate Bradford Johnson had indicated to me that there was a medical restriction on him being exposed to any environmental smoke, I would have confirmed that through the medical records and thereby, I would have been aware of it.  I am not aware of any restriction placed on Bradford Johnson with respect to smoking or exposure to smoke.  Nor do I recall Johnson ever claiming he had such a restriction from the medical department.

10.    At all times Johnson was housed in BA block, the cells within the block each had a window which the inmate could open to the outside for fresh air and ventilation.  In addition, weather permitting, the outside doors to the block were typically open for fresh air and air circulators were operating to maintain a continuous change of fresh air within the block.

11.    At no time was I aware of any type of medical problem of Johnson caused by any exposure to second-hand smoke.

12.    I do recall that on occasion Johnson would complain to me that other inmates

were smoking in the cell block.  Whenever he reported it, I would look into the matter and if an

inmate was found to have smoked within the block, he was given a disciplinary misconduct.  I

was not able to determine whether any specific staff had actually smoked within the BA area.

      13.     If there had been any smoking within the block by any staff it was very

sporadic and isolated and not brought to my attention in any specific manner which could be

confirmed.

      14.     I have become aware that Johnson filed an inmate grievance in September 1999

complaining of the non-smoking rule for the BA area not being enforced.  He never filed any

grievances after that complaining that the matter continued to be an issue or specifically

identifying staff and instances violating the rule.


_2/5/01_
DATE

_Robin L. Kerstetter_ (signature)
ROBIN L. KERSTETTER

# EXHIBIT - 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRADFORD JOHNSON,         :
        **Plaintiff**        :
                           :
       v.                       :    No. 1:CV-00-0675
                           :
SGT. JOSE RODRIGUEZ, OFFICER   :    (Judge Rambo)
ELLING, OFFICER JACKSON AND    :
SGT. STEWART,               :    (Magistrate Judge Blewitt)
        **Defendants**     :

## DECLARATION OF JACK ALLAR

    I, JACK ALLAR, hereby declare pursuant to the penalty of perjury pursuant to 28 U.S.C.A. §1746 that the following is true and correct:

    1.    I am employed by the Pennsylvania Department of Corrections as a Unit Manager at the State Correctional Institution at Rockview.

    2.    During the fall of 1999, I served as acting unit manager for B-block prior to Robin Kerstetter taking over that position.

    3.    As the unit manager, I oversee all daily operations and functions of the cell block. I am familiar with the staff working on the block as well as a number of the inmates housed there. I am also familiar with the various issues inmates have and which arise within the block.

    4.    In late September 1999, I received a grievance which inmate Bradford Johnson, No. DP-2967, filed on September 19, 1999 and which complained of the alleged non-enforcement of the non-smoking policy for BA block.

    5.    After receiving the grievance, I reviewed the grievance and its absolute lack of specific information including dates, times, staff on duty who is allowing the alleged smoking. Without that information, it was impossible to investigate the allegations of Johnson.

EXHIBIT B

Consequently, the grievance was returned to him.  Johnson was, however, encouraged to bring the alleged smoking to the attention of unit staff so that it could be properly addressed.  See attachments A and B.

     6.     To my knowledge, Johnson did not ever provide me with any further information concerning the alleged smoking in BA while I was the acting unit manager there.

     7.     I am not aware of any staff smoking while in the formal BA cell block while I was the acting unit manager of B-block.

     8.     I am not aware of any restriction placed on Bradford Johnson with respect to smoking or exposure to smoke.  Nor do I recall Johnson ever claiming he had such a restriction from the medical department.

2-5-01
DATE

*Jack Allar*
JACK ALLAR

SUPT. ROCKVIEW          Fax:814-355-6060          Feb  5 2001 16:44    P.09

**DC-804**
PART 1

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA. 17001-0598

OFFICIAL INMATE GRIEVANCE                    GRIEVANCE NO.    ROC0588 - 99

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| Mr. Mazzotta | SCI Rockview | 9-19-99 |

FROM: (Commitment Name & Number)    INMATE'S SIGNATURE
Bradford Johnson DP-3967            Bradford Johnson

WORK ASSIGNMENT    None          QUARTERS ASSIGNMENT    BA

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

Sir, the Surgeon General has produced a conclusive study on the hazardous effects of (Second Hand Smoke) which concludes that the smoke released by the smoking person is Deadly to the close smoker, more so than the one who lit the drug. My point, why on a non-smoking block is the non-smoking part not enforced, why am I, who has problems breathing along with other older cons (over 50) being subjected to this lack luster performance by these officers, why because they are friends with these smokers. This is the result of the regular block Sgt's absence.

B. Actions taken and staff you have contacted before submitting this grievance:

Deputy Supt. Whitman

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Grievance Coordinator
V. W. KUCHWARA

Mr. Allan DUE 9-29
9-22-99
DUE 10-6-99    Date

WHITE—Grievance Coordinator Copy    CANARY—File Copy    PINK—Action Return Copy    GOLDENROD—Inmate Copy

SUPT. ROCKVIEW        Fax:814-355-6060        Feb  5 2001 16:45    P.10

**DC-804**
PART II

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001

OFFICIAL INMATE GRIEVANCE
INITIAL REVIEW RESPONSE

GRIEVANCE NO.    #ROC0588-99

| TO: (Name & OC NO.) | INSTITUTION | QUARTERS | GRIEVANCE DATE | |
|---|---|---|---|---|
| Bradford Johnson, DP-2967 | SCIR | Bldg B/A | 09/19/99 | |
| | | | Received | 09/22/99 |

The following is a summary of my findings regarding your grievance:

This complaint has been reviewed with Mr. Allar, Unit Manager, who read your grievance carefully and noted while you make a broad, sweeping accusation that smoking is being permitted on Building B/A (a non-smoking block) you provide no specific data regarding dates, times, staff on duty or who is allowing this.  Consequently, he is returning this grievance as being impossible to investigate without further specific data.

Secondly, Mr. Allar encourages you to bring the alleged smoking to the attention of the Unit Staff on duty so they can properly deal with it, if in fact, inmates are smoking in the non-smoking unit.  Writing to Deputy Whitman is inappropriate and non effective since he does not work on the block, communicating with the Building B/A Unit Officers on duty is the best way to handle this.

VWK:tlk

c:    Deputy Wakefield
      Deputy Whitman
      Mr. Allar
      Case-Record
      Mr. Kushwara

Vincent W. Kushwara
Acting Corr. Superintendent Asst.

Refer to DC-ADM 804, Section VIII.
for instructions on grievance
system appeal procedures.

SIGNATURE OF GRIEVANCE COORDINATOR

DATE
10-4-99

# EXHIBIT - 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRADFORD JOHNSON,          :
        **Plaintiff**        :
                            :
      **v.**                    :    No. 1:CV-00-0675
                            :
SGT. JOSE RODRIGUEZ, OFFICER   :    (Judge Rambo)
ELLING, OFFICER JACKSON AND    :
SGT. STEWART,              :    (Magistrate Judge Blewitt)
        **Defendants**      :

## DECLARATION OF LARRY L. LIDGETT

    I, LARRY L. LIDGETT, hereby declare pursuant to the penalty of perjury pursuant to 28 U.S.C.A. §1746 that the following is true and correct:

    1.     I am employed by the Pennsylvania Department of Corrections as the Health Care Administrator at the State Correctional Institution at Rockview.

    2.     In that capacity, I oversee the availability of heath care services to inmates confined at SCI-Rockview.

    3.     As a matter of regularly-conducted business, the medical staff at SCI-Rockview maintains records of inmate medical problems and treatments. The standard practice is for records to be maintained of all inmate medical complaints as well as of all treatments provided to an inmate with the entries in the records being made at or near the time of the events recorded.

    4.     If an inmate has been diagnosed with a medical problem, such as a respiratory problem, which requires him to be in a smoke-free environment, that fact would be noted in his medical records.

    5.     Inmate Bradford Johnson, No. DP-2967, was confined at Rockview from August 1998 until September 2000. His medical records reflect that he had been diagnosed with back

EXHIBIT
C

problems and that he had a cardiac history.  As a result, the medical staff had indicated

limitations including that he be housed on the bottom tier of a cell block and on the bottom bunk

of a cell.  His records also indicate that he had limitations placed on him in terms of not requiring

him to lift more than five pounds nor stand more than 15 minutes at a time.

6.    There was no limitation prescribed by the medical staff concerning smoking or his

not being permitted to be exposed to any degree of environmental smoke.

7.    The medical records of Johnson do not indicate that he ever complained to

medical staff about the effects of any environmental smoke upon him, or that he had ever been

diagnosed with any illness resulting from any exposure to environmental tobacco smoke while

housed at Rockview.


05- February, 01
_____
DATE


_____
LARRY L. LIDGETT

# EXHIBIT - 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRADFORD JOHNSON,                  :
      **Plaintiff**              :
                                    :
    **v.**                            :   No. 1:CV-00-0675
                                    :
SGT. JOSE RODRIGUEZ, OFFICER       :   (Judge Rambo)
ELLING, OFFICER JACKSON AND        :
SGT. STEWART,                      :   (Magistrate Judge Blewitt)
      **Defendants**            :

### DECLARATION OF JOSE RODRIGUEZ

    I, JOSE RODRIGUEZ, hereby declare pursuant to the penalty of perjury pursuant to 28 U.S.C.A. §1746 that the following is true and correct:

    1.   I am employed by the Pennsylvania Department of Corrections as a Corrections Officer II, Sergeant, at the State Correctional Institution at Rockview.

    2.   In that capacity, I oversee the care custody and control of inmates housed in a specific block to which I am assigned.

    3.   I have, at times, been assigned to perform my duties in B-block. Section BA was designated a non-smoking block in October 1998.

    4.   Prior to BA being a nonsmoking block, both staff and inmates could smoke tobacco products within the cell block area. After the non-smoking designation, and until just recently, inmates and staff alike could possess tobacco products within the block but had to take it outside to smoke.

    5.   While working in BA, I have on occasion stepped just outside BA to smoke a cigarette. I do not smoke within the cell block area, however.

    6.   I am familiar with an inmate by the name of Bradford Johnson, No. DP-2967.


EXHIBIT
D

7.    Bradford Johnson was an inmate at the State Correctional Institution at Rockview and who was housed in housing unit BA while I worked there.

8.    I am not aware of any restriction placed on Bradford Johnson with respect to smoking or exposure to smoke.  Nor do I recall Johnson ever claiming he had such a restriction from the medical department.

9.    At no time was I aware of any type of medical problem of Johnson caused by any exposure to second-hand smoke.

10.    Although Johnson has alleged that I have shown his complaints to other inmates, that is simply false.  I have not seen nor had a copy of any inmate complaint or grievance which Johnson may have filed regarding smoking.

11.    I did not and have not taken any action against Johnson for his complaints about\ smoking and have never ordered any staff to issue Johnson a misconduct on account of any complaints he may have had.

_2/5/01_
DATE

_Jose Rodriguez_
JOSE RODRIGUEZ

# EXHIBIT - 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRADFORD JOHNSON,                    :
       **Plaintiff**                  :
                                     :
       v.                            :    No. 1:CV-00-0675
                                     :
SGT. JOSE RODRIGUEZ, OFFICER         :    (Judge Rambo)
ELLING, OFFICER JACKSON AND          :
SGT. STEWART,                        :    (Magistrate Judge Blewitt)
       **Defendants**                :

### DECLARATION OF GEORGIA STEWART

    I, GEORGIA STEWART, hereby declare pursuant to the penalty of perjury pursuant to 28 U.S.C.A. §1746 that the following is true and correct:

    1.    I am employed by the Pennsylvania Department of Corrections as a Corrections Officer II, Sergeant, at the State Correctional Institution at Rockview.

    2.    In that capacity, I oversee the care custody and control of inmates housed in a specific block to which I am assigned.

    3.    I have, at times, been assigned to perform my duties in B-block on the second shift. Section BA was designated a non-smoking block in October 1998.

    4.    Prior to BA being a nonsmoking block, both staff and inmates could smoke tobacco products within the cell block area. After the non-smoking designation, and until just recently, inmates and staff alike could possess tobacco products within the block but had to take it outside to smoke.

    5.    While working in BA, I have on occasion smoked a cigarette outside of the BA area. I do not smoke within the cell block area, however.

    6.    I am familiar with an inmate by the name of Bradford Johnson, No. DP-2967.



EXHIBIT
E

7.    Bradford Johnson was an inmate at the State Correctional Institution at Rockview and who was housed in housing unit BA while I worked there.

8.    I am not aware of any restriction placed on Bradford Johnson with respect to smoking or exposure to smoke.  Nor do I recall Johnson ever claiming he had such a restriction from the medical department.

9.    At no time was I aware of any type of medical problem of Johnson caused by any exposure to second-hand smoke.

10.    Although Johnson has alleged that I have refused to enforce the non-smoking rules, he is simply wrong.  I have not permitted anyone, staff or inmates to openly violate the non-smoking rules within BA.

2/5/01
DATE

GEORGIA STEWART

# EXHIBIT - 6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRADFORD JOHNSON,　　　　　　　:
　　　　　　　Plaintiff　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　:　　No. 1:CV-00-0675
　　　　　　　　　　　　　　　　:
SGT. JOSE RODRIGUEZ, OFFICER　　:　　(Judge Rambo)
ELLING, OFFICER JACKSON AND　　:
SGT. STEWART,　　　　　　　　　:　　(Magistrate Judge Blewitt)
　　　　　　　Defendants　　　　:

## DECLARATION OF ROGER D. ELLING

I, ROGER D. ELLING, hereby declare pursuant to the penalty of perjury pursuant to 28 U.S.C.A. §1746 that the following is true and correct:

1.　　I am employed by the Pennsylvania Department of Corrections as a Corrections Officer I at the State Correctional Institution at Rockview.

2.　　In that capacity, I assist in maintaining the care, custody and control of inmates housed in a specific block to which I am assigned.

3.　　I have, at times, been assigned to perform my duties in B-block. Section BA was designated a non-smoking block in October 1998.

4.　　Prior to BA being a nonsmoking block, both staff and inmates could smoke tobacco products within the cell block area. After the non-smoking designation, and until just recently, inmates and staff alike could possess tobacco products within the block but had to take it outside to smoke.

5.　　While working in BA, and prior to November of 1998, I would smoke while at work. Since November 1998, however, I quit smoking. I do continue to chew tobacco products.

6.　　I am familiar with an inmate by the name of Bradford Johnson, No. DP-2967.

EXHIBIT
F

7.      Bradford Johnson was an inmate at the State Correctional Institution at Rockview and who was housed in housing unit BA while I worked there.

8.      I am not aware of any restriction placed on Bradford Johnson with respect to smoking or exposure to smoke. Nor do I recall Johnson ever claiming he had such a restriction from the medical department.

9.      At no time was I aware of any type of medical problem of Johnson caused by any exposure to second-hand smoke.

10.     I did not and have not taken any action against Johnson for his complaints about smoking. I have never smoked a cigar in the cell block area of BA since it was designated non-smoking.


22 Jan. 2001
DATE                                    ROGER D. ELLING

**EXHIBIT - 7**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRADFORD JOHNSON,                    :
          **Plaintiff**            :
                          :

        v.                        :    No. 1:CV-00-0675
                          :

SGT. JOSE RODRIGUEZ, OFFICER         :    (Judge Rambo)
ELLING, OFFICER JACKSON AND          :
SGT. STEWART,                        :    (Magistrate Judge Blewitt)
          **Defendants**          :

### DECLARATION OF JODY JACKSON

    I, JODY JACKSON, hereby declare pursuant to the penalty of perjury pursuant to 28 U.S.C.A. §1746 that the following is true and correct:

    1.    I am employed by the Pennsylvania Department of Corrections as a Corrections Officer I at the State Correctional Institution at Rockview.

    2.    In that capacity, I participate in maintaining the care, custody and control of inmates housed in a specific cell block to which I am assigned.

    3.    I have, at times, been assigned to perform my duties in B-block. Section BA was designated a non-smoking block in October 1998.

    4.    Prior to BA being a nonsmoking block, both staff and inmates could smoke tobacco products within the cell block area. After the non-smoking designation, and until just recently, inmates and staff alike could possess tobacco products within the block but had to take it outside to smoke.

    5.    While working in BA, I have on occasion stepped just outside BA to smoke a cigarette or had gone into the adjacent BB section which was a smoking area and smoked a cigarette. I did not smoke within the BA cell block area, however. Further, as of about July 4,

EXHIBIT
6

2000, I quit smoking.

     6.     I am familiar with an inmate by the name of Bradford Johnson, No. DP-2967.

     7.     Bradford Johnson was an inmate at the State Correctional Institution at Rockview and who was housed in housing unit BA while I worked there.

     8.     I am not aware of any restriction placed on Bradford Johnson with respect to smoking or exposure to smoke.  Nor do I recall Johnson ever claiming he had such a restriction from the medical department.

     9.     At no time was I aware of any type of medical problem of Johnson caused by any exposure to second-hand smoke.

     10.     I did not and have not taken any action against Johnson for his complaints about smoking and have not retaliated against him in any way.

1-30-01
DATE

Jody Jackson
JODY JACKSON

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRADFORD JOHNSON,** | : |
| **Plaintiff** | : |
| | : |
| **v.** | :   **No. 1:CV-00-0675** |
| | : |
| **SGT. JOSE RODRIGUEZ, OFFICER** | :   **(Judge Rambo)** |
| **ELLING, OFFICER JACKSON AND** | : |
| **SGT. STEWART,** | :   **(Magistrate Judge Blewitt)** |
| **Defendants** | : |

## CERTIFICATE OF SERVICE

I, R. DOUGLAS SHERMAN, Senior Deputy Attorney General for the Commonwealth

of Pennsylvania, Office of Attorney General, hereby certify that on February 6, 2001, I caused to

be served a true and correct coy of the foregoing document entitled "Documents in Support of

Defendants' Motion for Summary Judgment," by depositing same in the United States Mail,

first-class postage prepaid to the following:

Bradford Johnson
Liberty Management
1007 W. Lehigh Street
Philadelphia, PA 19133

R. DOUGLAS SHERMAN
Senior Deputy Attorney General

**DATE: February 6, 2001**